JOHN SANBORN *v.* HORACE BRALEY AND OSBORN WARD.*

[IN CHANCERY.]

*Chancery.    Apportionment of Expense of Repairs among Joint Owners of Water Power.    Costs.*

It is the proper exercise of equity jurisdiction, to apportion among parties having a common interest in the use of a water-power, and on whom rests a common duty of maintaining the dam which creates the power, the burden and expense of such duty.

One-third of the orator's costs of taking testimony disallowed, because of unnecessary prolixity.

APPEAL from a *pro forma* decree of the court of chancery, Caledonia county, made at the June term, 1873, Ross, Chancellor, dismissing the bill, with costs.

The case sufficiently appears from the opinion.

*W. W. Grout*, for the orator.

*George W. Cahoon*, for the defendants.

The opinion of the court was delivered by

REDFIELD, J.    The parties derive their respective titles from the same source.    The orator owns a saw-mill and the defendants a grist-mill, situated on opposite sides of the same stream in the town of Wheelock, and on the same dam.    Some fifty years ago, Joshua Weeks, who owned both mills, conveyed the saw-mill and privilege, "excepting always water sufficient for the use of said grist-mill standing on the other side of the stream opposite the aforesaid

---

* This case was decided at the General term in October, 1873.

saw-mill." The expense of some repairs to the dam at one time were apportioned in the ratio of one-third to the saw-mill and two-thirds to the grist-mill; but both parties contend that such arrangement was special and temporary, and that a different ratio should be adopted. The dam went out in the fall of 1869, and the ora·tor rebuilt it the same season, and, as defendants claim, of *less height*, and *above the old site*. The defendants also claim that the orator agreed not to have it rebuilt that fall, for the reason that the continuing flood rendered such work more expensive. We are satisfied by the proof that the dam built by the orator is, substantially, on the old site, though a little above, and was built in good faith, intending by the deviation no benefit to the one privilege or detriment to the other; that the dam was of less height than the old dam; and that the defendants, in an honest effort to raise the dam, by an addition, to its former height, exceeded such limit a few inches. The parties had a common interest in the use of the water-power, and had a common duty to keep up the dam by which such power was created. It is not denied that the apportionment of such burden is the proper exercise of equity jurisdiction. And a majority of the court adjudge that such burden shall be borne by the owners of such mills and water-power in the ratio of one-fourth by the owners of the saw-mill, and three-fourths by the owners of the grist-mill; that the addition to such dam, constructed by the defendants, should be abated six inches in the height, in order to restore it to its former condition; and that the defendants contribute to the necessary expense of the construction of said dam, in the ratio above stated. We think the testimony, as taken, needlessly prolix, and that many things have been drawn in controversy, out of their proper place. It is therefore ordered that the decree of the court of chancery be reversed, and the cause·be remanded to the court of chancery, with directions to enter a decree for the orator, requiring the defendants to reduce the height of the mill-dam six inches, within a reasonable time to be fixed; that the cause be referred to a master to find and report the necessary expense in constructing said dam · by the orator in the fall of 1869, and one-half the necessary expense and cost in building the addition to the dam by the defend-

ants on the top of said dam ; that the aggregate cost and expense of said dam, thus ascertained, be apportioned between the parties in the ratio of one-fourth to the orator and three-fourths to the defendants ; that the orator recover three-fourths of the excess of the orator's expenditures over those of the defendants' (after deducting one-half the defendants' expenditures in building the addition to said dam), with interest ; that the orator recover his cost ; and that one-third of the orator's cost of taking testimony be deducted, for unnecessary prolixity.