SELINA DUPLESSE AND JOSEPH DUPLESSE *v.* H. A. HASKELL AND SOLOMAN BILOW.

May Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed May 24, 1915.

*Tenancy in Common—Spring of Water—Reciprocal Rights and Duties of Co-tenants—Necessary Repairs—Refusal to Share Expense—Remedy—Permanent Improvements—Co-tenant's Right to Make—Damages Since Suit Brought—Right to Recover—Supplemental Bill—Pleadings and Procedure Thereunder—Injunction—Contempt Proceedings—Compensatory Damages.*

Where orators and defendants derive their respective rights to a spring of water from grants in conveyances of different land by a common grantor, and orators' deed was first and grants "one-half the right to the spring of water which now furnishes water to the above described land and said" grantee "is to be at one-half of the

expense relaying or repairing the pipe leading from said spring to the bounds of said farm," and defendants' deed grants "all my right and title" to the same spring "with the pipe running to the" buildings described in defendants' deed, orators together and defendants are tenants in common of the spring, of the pipe leading therefrom to the bounds of orators' farm, and of the water running in that pipe, and as such they have equal rights and privileges and are subject to equal burdens and expenses in respect of the maintenance and repair of that common property, and orators, as a necessary incident of their grant, have the right to enter upon defendants' land at reasonable times, doing no unnecessary damage, for the purpose of relaying or repairing the pipe and of gauging or regulating the flow of the water so as to effect an equal division in use between the properties of the co-tenants.

Tenants in common of a spring of water serving the properties of the co-tenants owe the reciprocal duty to use the water in good faith and with reasonable regard to the right of the other tenants to the use of their respective and proportionate shares.

The possession of tenants in common of a spring of water is between them in common.

Where a tenant in common refuses, upon request of his co-tenant, to share the expense of *necessary repairs* to the common property, the latter may make such repairs and recover of the former his proportionate share; but one tenant in common cannot, without the consent of his co-tenant, make permanent improvements upon the common property at the expense of the co-tenants.

A request by one tenant in common of his co-tenant to share the expense of necessary repairs to the common property, his refusal to do so, and the subsequent making of those repairs by the former at his own expense are conditions precedent to the maintenance of an action by him against his co-tenant for his proportionate share of such expense.

In a suit in equity by two tenants in common against a third to restrain defendants from interfering with orators' rights in the common property and to recover damages for such interference, no damages can be recovered for wrongful acts committed after suit brought, unless by leave granted those acts are alleged in the form of a supplemental bill.

Where a supplemental bill in equity is filed by leave granted after decree, appeal, and remand, defendants are entitled to file an answer thereto of the same quality as required by the original bill,

and any resulting issue should stand for hearing anew, whereon such answer, so far as responsive, will be evidence to be considered and weighed in the ordinary manner.

In a suit in equity, where there was a temporary injunction restraining defendants, and the ordinary contempt proceeding for its violation, wherein the petition had only the usual allegations and prayer, and the chancellor's order thereon was only "that the defendants may purge themselves of contempt upon payment of forty dollars to the orators," which they did, that payment was not compensatory, precluding orators from recovering, by supplemental bill, their damages resulting from defendants' wrongful acts constituting the contempt.

APPEAL IN CHANCERY. Heard on the pleadings, including a cross-bill, and on a master's report at the December Term, 1913, Orange County, *Butler,* Chancellor. Decree for the orators. The defendants appealed. The opinion fully states the case.

*Stanley C. Wilson* and *R. M. Harvey* for the orators.

*David S. Conant* and *John Senter* for the defendants.

WATSON, J. The plaintiffs and the defendant Haskell take their respective rights in and to the spring of water in question, and in the pipe conveying the water therefrom, from common grantors. Defendant Bilow, before and at the time of the bringing of this suit, was occupying and using Haskell's barns mentioned in the bill, and using the water from the latter's tub under some agreement with him. The descriptive part of the deed from the common grantors to Selina Duplesse (dated June 7, 1910) of the farm now owned by the plaintiffs, contains the following: "Also the said Duplesse is to have one-half the right to the spring of water which now furnishes water to the above described land and said Duplesse is to be at one-half of the expense relaying or repairing the pipe leading from said spring to the bounds of said farm." On June 8, 1910, Selina conveyed the same premises, with the privileges and appurtenances thereof, to the plaintiff Joseph Duplesse, he to have possession at the date of her decease. On August 30, 1911, the common grantors conveyed other land (with buildings thereon) to defendant Haskell, by deed the descriptive part of which includes the fol-

lowing: "Also all my right and title in and to a certain spring or well of water with pipe running to above mentioned buildings, said spring or well situated on land owned by H. M. Miller of West Fairlee, Vt."

The ownership of the spring described in the deeds mentioned above, of the pipe leading from the spring to the bounds of the plaintiffs' farm, and of the water running in said pipe, is in the plaintiffs on the one hand, and the defendant Haskell on the other hand, as tenants in common, and as such they have equal rights and privileges, and must bear equally the expense of relaying or repairing the pipe from the spring to the bounds mentioned. Their possession is by law between them in common. Co. Litt. 188 b. The relation of these two parties to the common property and to each other creates the duty, each to the other, to use the water in good faith and with reasonable regard on the part of each to the right of the other to the use of his proportionate share; and each should so use his own as not unnecessarily to injure the other. *McLellan* v. *Jenness*, 43 Vt. 183, 5 Am. Rep. 270. For the purpose of relaying or repairing the pipe, and of gauging or regulating the flow or discharge of the water so as to effect an equal division in use between the properties of the co-tenants, the plaintiffs, as a necessary incident to their grant have the right to enter upon the land and premises of defendant Haskell at all reasonable times, doing no unnecessary damage thereto or thereon. Broom's Max. *483; *Coolidge* v. *Hager*, 43 Vt. 9, 5 Am. Rep. 256.

The master finds that, owing to the difference in elevation between the point of discharge into Haskell's tub and the point of discharge into the tub at the plaintiffs' house, the former being some feet lower than the latter, it is necessary to use a gauge plug in the pipe at Haskell's tub to regulate the discharge of water there, in order to give the plaintiffs an equal share; that without such regulation, the entire stream flowing in the main pipe, goes through the branch pipe into Haskell's tub, and no part of it passes through the other branch pipe into the plaintiffs' tub; that for a long time a water-gauge has been kept in the end of the pipe at each of these tubs, in order to equalize the flow, and this has enabled the parties to maintain a sufficient supply of water at both places.

The facts found show that the defendants have interfered with the plaintiffs' rights in and to the spring, in the pipe, and

in the use of the water, by removing the gauging plug or plugs and refusing to replace the same and threatening to prevent the plaintiffs from so doing; by threatening to prevent the plaintiffs from putting the system in proper condition so they can have the use of the water, and to shut off their supply altogether; and by lifting up the strainer on the end of the pipe in the spring so that water would not run into the pipe at all, thereby entirely depriving them of the water on their premises. The injunction contained in the decree goes beyond the prohibition of a repetition of such acts, and consequently beyond what the questions at issue require, or the facts warrant; for the decree also has the provision, ''That said gauge be maintained by the orator without interference by defendants, their servants, or agents, or any person claiming under, by or through them.'' This seems to deprive the defendants of equality in the operation of common property. In the gauging of the water so that each party may have his just share, the rights of the parties are equal, and a court of equity will not restrain the proper exercise thereof by either.

The decree also declares that plaintiffs have the right to enter the premises of defendant Haskell, upon and through which said spring and aqueduct and pipe line are located, to repair, replace, rebuild, and maintain the same at all reasonable times in a careful and prudent manner, provided that they shall not unnecessarily and for an unreasonable length of time interfere with or limit the flow of water at the defendant's premises to the extent of one-half the water which may flow from the spring through a three-eighths inch pipe, provided that defendant takes his right to the spring and aqueduct in common with that of the plaintiffs charged with like burden and shall pay to the plaintiffs one-half such necessary expense incurred by them.

Viewed in the light of the case before us, it is not easy to see just what much of this part of the decree means. In fact considerable of it is outside the case. As before observed, the plaintiffs and defendant Haskell, as tenants in common, have equal rights in and to the common property and to the use of the same, and the burdens attending the maintenance and repairs should be borne by them equally. Nevertheless, the general doctrine is applicable, ''that one tenant in common can compel his co-tenant to share in the expense of *necessary repairs* to the common property, by requesting him so to do. If the co-tenant refuse to

join in making such repairs, he may, after such request and refusal, make them and recover of the co-tenant for his proportionate share. But he cannot, without the consent of his co-tenant, make permanent improvements upon the common property at the expense of the tenants in common.'' *Farrand* v. *Gleason,* 56 Vt. 633. Chancellor Kent says that for one tenant in common to sustain an action against his co-tenant for his proportionate share of the expense of necessary reparations, there must be a request to join in the reparation, and a refusal, and the expenditures must have been previously made. 4 Kent Com. *370. This text of the author is expressly supported by the holding in *Doane* v. *Badger,* 12 Mass. 65, where the repairs of a well and pump were in question. And in *Coolidge* v. *Hager,* cited above, it was held that one tenant in common could not cut off the supply of water to his co-tenant for refusal to contribute toward the necessary expense of repairs on the aqueduct.

The master has found and reported damages in the sum of twenty-five dollars, resulting to the plaintiffs from wrongful acts of the defendants committed after the bringing of this suit, and for this reason defendants have excepted to the report. By the decree, the plaintiffs are given these damages, as well as those accruing before the suit was brought. The bill does not and could not contain allegations of such subsequent acts, and consequently no recovery of damages resulting therefrom can be had as within the case made by the bill. To recover such damages, the acts upon which they are based must be brought into the case by a supplemental bill. *Downer* v. *Wilson,* 33 Vt. 1; *Waterman* v. *Buck,* 58 Vt. 519, 3 Atl. 505; *Waterman* v. *Buck,* 63 Vt. 544, 22 Atl. 15. This exception is sustained, for which reason, if for no other, the decree must be reversed. On remand these damages should be eliminated from the decree, unless by leave granted for that purpose such acts and damages are set out in the form of a supplemental bill. If a supplemental bill be filed, the defendants should be given an opportunity to answer under oath, the same as required by the original bill, and this issue when formed will stand for hearing anew. One ground of the exception to the finding of damages resulting from subsequent acts of defendants is, that there was no evidence tending to show such damages. It is useless to pass upon this question now; for if in answer to a supplemental bill, defendants should make a direct and explicit denial of the allegations of the new

matter, their answer in this respect will be evidence to be considered and weighed according to the well settled rule, not necessary here to repeat.   *Phelps* v. *Root*, 78 Vt. 493, 63 Atl. 941.

It is further urged that subsequent damages, if any, must have been in violation of the terms of the temporary injunction; that since it appears from the files in the case (referred to by counsel on both sides as part of the record) that defendants were charged in contempt proceedings with such violation, adjudged guilty, and ordered to pay to the plaintiffs the sum hereinafter named, such payment must have been for the damages which accrued to them by reason of the acts of violation; and that the payment of these damages ought not in equity to be required a second time.

Whatever might be said in this respect if it appeared that the sum there ordered to be paid was wholly or in part compensatory, the files showing the contempt proceedings do not so indicate. The petition sets forth the acts and doings of the defendants upon which it is based, and prays that defendants be commanded to appear and show cause why they should not be adjudged in contempt, and that plaintiffs ''may be recompensed for the cost and expense they have been to by reason of said acts of the defendants in violation of said injunction.'' No other relief was asked for either specifically or generally. We understand the ''cost and expense'' mentioned, to have reference to those proceedings,—none are averred in the petition,—and that the order of the chancellor, ''that the defendants may purge themselves of contempt upon payment of the sum of forty dollars to the orators,'' was strictly according to the prayer. It follows that the sum ordered to be paid was not compensatory, and that the damages suffered by the plaintiffs by reason of such wrongful acts of defendants are still an open question.   See *Stimpson* v. *Putnam*, 41 Vt. 238.

*Decree reversed and cause remanded with directions to enter up a decree for the plaintiffs in accordance with the views here expressed. If however leave be granted the plaintiffs to file a supplemental bill for the purpose indicated, then the cause to be proceeded with accordingly. Let the defendants recover their costs in this Court.*