### John F. Kelly v. Alpstetten Association, Inc.

[303 A.2d 136]

No. 156-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 3, 1973

*Timothy J. O'Connor, Jr., Esq.,* and *Edward M. Goutas, Esq.,* Brattleboro, *John F. Kelly, Esq.,* Cohoes, N.Y., *pro se,* for Plaintiff.

*Philip K. Rosi, Esq.,* of *Kristensen, Cummings & Price,* Brattleboro, for Defendant.

**Barney, J.** Confronted by a claim for the expenses of a water system, the plaintiff brought a declaratory action seeking to prevent the shutting off of water to premises owned by him, and to have his rights to take water from the system declared. The defendant, present owner of the water system, countered with a cross-bill seeking to establish a duty in the plaintiff to pay for his water service, and to confirm the defendant corporation's right to terminate service.

A temporary injunction issued below preventing the shut-

ting off of water, and the case was duly heard. Judgment in favor of the defendant for $2680.00 in back charges was rendered, and the injunction was to be terminated. Operation of these provisions was prevented by the filing of an appeal to this Court.

The matter began a little over ten years ago when a development corporation, known as Alpine Villages, Inc., commenced a vacation home complex in the West Dover, Vermont, area. Lots were laid out, several homes built and a water system derived from a spring constructed. In 1962, the corporation Alpstetten Association, Inc., was formed to purchase both the lots and land that then remained unsold, and the water system, which it still owns.

The plaintiff owns four parcels of land, two with A-frame houses and two with chalets. Title to all four parcels derives ultimately from either the defendant Alpstetten Association, Inc., or its predecessor, Alpine Villages, Inc. All deeds contain provisions giving the grantees the right to connect to the water main now owned by Alpstetten, with the burden on the lot owner to bear all of the costs of making and maintaining such connection. Although there is some variation as to the measurement of the obligation as between parcels, all also provide for the lot owner to bear a proportionate share of the cost of maintaining the water main and spring system in common with all other grantees permitted to connect to the system.

The cross-bill filed by the defendant corporation alleged that it was an association of all of the property owners to provide for orderly maintenance of their properties, including the water system. This allegation was denied by the plaintiff, and so became a controverted issue in the case. However, although a matter importantly related to the plaintiff's claim, it was not dealt with in the findings.

A determination of the identity, or lack of it, between all the water users or property owners and the stockholders of the defendant corporation might well have made the resolution of this controversy simple and direct. If, as argued by the plaintiff, the defendant sold water to property owners not part of its ownership, the question of public service board jurisdiction over it as a public water company under 30 V.S.A. § 203(3) could well have been controlling. See *Krulee* v.

*Huyck,* 121 Vt. 299, 303, 156 A.2d 74 (1959). Under 30 V.S.A. § 220 such a company has a statutory right to discontinue water service to a nonpaying customer.

However, with this issue left unresolved by the facts, we must determine if the questions raised can, in any manner, be settled without reference to the utility status of the defendant. This requires a review of the plaintiff's contention regarding the nature of his water rights, and the charges assessed against him.

■ It is his position that his right to take water from the Alpstetten main is a grant, which cannot be revoked by the grantor or any successor. Water rights may be conferred in many forms, such as by license, by lease, or by simple contract. *Bergeron* v. *Forger,* 125 Vt. 207, 210, 214 A.2d 85 (1965). But there is no question but what a right to take water is an interest in real estate. *Village of Brattleboro* v. *Yauvey,* 101 Vt. 314, 318, 143 A. 295 (1928). It therefore can be the subject of both grants and prescriptive rights. *Clement* v. *Rutland Country Club,* 94 Vt. 63, 66, 68, 108 A. 843 (1920).

■ It is also the law of Vermont that such a grant may be subject to an obligatory condition to share in the expense of maintenance of some or all of the system. *Arbuckle* v. *Ward,* 29 Vt. 43, 54 (1856). Moreover, there is an equitable principle that requires persons in the enjoyment of a common benefit to all contribute their proportionate share to the discharge of the burdens incidental to the existence of the benefit. This principle applies in the absence of agreement, and is subject to modification by the specific terms of a particular grant, such as exists here in the provisions of the deed giving the right to connect to the water main. *Tullar* v. *Baxter,* 59 Vt. 467, 473, 8 A. 493 (1887).

■ ■ The *Tullar* case stands for the proposition that the expense of maintenance imposed by the deed is an enforceable obligation. Significantly, it does not relate enforcement to an interruption of the water right there involved. Indeed, in the case of connections to a water system, *Coolidge* v. *Hager,* 43 Vt. 10, 16 (1870), flatly states that the existence of a claim for any part of the expense of repairing an aque-

duct, however else recoverable, cannot be enforced by cutting off the water supply. See also *Duplesse* v. *Haskell*, 89 Vt. 166, 171, 94 A. 503 (1915).

This leaves the case in a peculiar posture. If, under fact and law, the defendant corporation is a public water company under 30 V.S.A. § 203(3), it may be that justification for dissolving the injunction exists. If, on the other hand, the defendant stands as grantor and co-tenant with respect to the distribution of water, the law does not give it the right to cut off the water supply, and the injunction should continue. Thus, the decree as it stands cannot be either affirmed or reversed without a further factual determination with respect to the public nature of the defendant corporation under 30 V.S.A. § 203(3). Since the matter must be remanded in any event, it is appropriate that, whatever the outcome, a new decree be drawn declaring the rights of the parties in the light of this opinion and whatever additional factual circumstances may be established. The injunctive proscription should, of course, be continued pending final disposition.

■ Plaintiff challenges the money judgment assessed against him as being insufficiently established by proof, and, further, that such recovery is not proper in an equitable action. Since law and equity have been conjoined in the county court since the effectuation of No. 129 of the Public Acts of 1969, by the promulgation of the Vermont Rules of Civil Procedure effective July 1, 1971, this is probably a complete answer to the latter complaint.

■ With respect to the findings as to the amount of recovery, there is evidence in the case to sustain them, and this Court is therefore bound to uphold them. It also sufficiently appears from the evidence that the defendant corporation, having succeeded to the title to the water system, has the right to recover from the users the expenses of maintenance provided for in the individual grants.

Before leaving the matter, something should be said with respect to one issue urged here on this appeal. Plaintiff contends that the charges sought to be recovered from him represent assessments against his stock. He points to a by-law of the defendant corporation under which, he claims, these

charges are being made. This by-law, he says, represents an attempt to make an assessment against stockholders of stock that is, by its terms, nonassessable. This invalidates the charges, according to the plaintiff.

We do not deal with the validity of the questioned by-law, because we find it clear from the facts that it is the charges for maintenance of the water system that are the basis of the claim of the defendant. It is also clear that the assessment of these charges has been, and is, directed against the owners of the properties served with water, whether or not they may be stockholders. This very fact not only negates the plaintiff's contention that an assessment against stock is involved, but may be significant in the determination of whether or not the defendant is, under the law, a public water company.

*That portion of the decree denying injunctive relief is reversed and the cause is remanded for a further hearing and declaration of the rights of the parties in accordance with the views expressed in the opinion, with the temporary injunction continued in force pending final disposition.*

*That portion of the decree giving judgment in favor of the defendant on the cross-bill is affirmed. No award of costs to either party in this Court.*