### Howard A. Hubbard, Jr. and Audrey J. Hubbard v. Edward Bolieau, et al.

[477 A.2d 972]

No. 82-528

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed May 11, 1984

374

*Spokes, Foley & Obuchowski,* Burlington, for Plaintiffs-Appellants.

*Mark J. Keller,* Burlington, for Defendants-Appellees.

**Peck, J.** Plaintiffs appeal an adverse judgment from the District Court of Vermont, Unit No. 2, Chittenden Circuit, in their action to apportion among the defendants their pro rata share of costs for the maintenance of a common roadway. We reverse.

Plaintiffs, owners of the Oak Hill Mobile Home Development, located in Williston, Vermont, are successors in interest to Howard Sr. and Barbara A. Hubbard. Between 1960 and 1975, the senior Hubbards sold 46 of the development's lots to various individuals. In conjunction with these conveyances, the senior Hubbards granted easements over the roads appurtenant to the lots. For this purpose, the deeds executed prior to 1966 contained the following language:

There is included in this conveyance the right to use the roads shown on said map, in common with Grantors and others for travel on foot and in vehicles, and for the laying of underground or overhead telephone and electric utility lines, and for laying, maintaining and repair of water and sewer pipe lines.

In deeds executed after 1966, that clause was replaced by another which read:

Included in this conveyance is a right of way over the ways as shown on the plan above referred to until they are accepted as public streets by the Town of Williston.

In April of 1968, the senior Hubbards contracted with the town of Williston for the maintenance and snowplowing of the roads in the development. At no time during their possession of the development did the senior Hubbards seek or receive contributions from any of the lot owners for the upkeep of the roads.

Plaintiffs acquired the remaining lots within the development as well as interests in the roads and the water and sewage system by quitclaim deed in 1975. Plaintiffs maintained the roads without seeking remuneration from the lot owners until 1977. In 1977, plaintiffs notified the lot owners that they were now expected to contribute their share to the costs of maintaining the roads. Based on expenses incurred in 1976, plaintiffs assessed a cost of twenty dollars to each lot owner. Many of the existing lot owners paid the cost voluntarily. Defendants, however, refused to contribute, prompting plaintiffs to bring this action.

The court below held that neither the language of the conveyances, nor the intent of the parties, contemplated any requirement of contribution by the lot owners to the maintenance of the roads as part of the bargained for consideration.

This Court has long recognized the equitable principle that "when several persons enjoy a common benefit, all must contribute rateably to the discharge of the burdens incident to the existence of the benefit." *Thomas* v. *Clark*, 133 Vt. 492, 494, 346 A.2d 189, 191 (1975) ; accord *Sanborn* v. *Braley*, 47 Vt. 170, 171 (1874). The obligation to contribute applies in

the absence of an express agreement, *Kelly* v. *Alpstetten Association, Inc.*, 131 Vt. 165, 168, 303 A.2d 136, 138 (1973), its purpose being to prevent unjust enrichment. See *Thomas* v. *Clark, supra,* 133 Vt. at 494, 346 A.2d at 191. However, the implied obligation to contribute "is subject to modification by the specific terms of a particular grant." *Kelly* v. *Alpstetten, supra,* 131 Vt. at 168, 303 A.2d at 138.

The court below concluded that the exclusion of an express agreement regarding road maintenance was intentional and, therefore, a modification within the meaning of *Alpstetten, supra.* We do not agree.

 It is difficult to imagine how a rule that applies in the absence of express language can be modified by the absence of the language it was intended to replace. Under *Alpstetten,* "*specific terms*" must appear in a conveyance which express an intent to abrogate one's obligation to contribute their fair share to the maintenance of a common benefit. Otherwise, being a remedy at equity, *Sanborn* v. *Braley, supra,* 47 Vt. at 171, the implied obligation to contribute can only be altered by contravening equitable considerations. See *Black River Associates, Inc.* v. *Koehler,* 126 Vt. 394, 401, 233 A.2d 175, 180 (1967) (on balancing of equities between parties).

 There being no specific terms effecting a modification of the equitable duty, the requirement of *Alpstetten* is not satisfied. While the equitable defenses of estoppel and waiver might have ordinarily weighed against plaintiffs and their predecessors for their failure to seek contribution for nearly seventeen years, neither defense was affirmatively pled. V.R.C.P. 8(c). Accordingly, they are waived. *R. Brown & Sons, Inc.* v. *Credit Alliance Corp.,* 144 Vt. 142, 145–46, 473 A.2d 1168, 1170 (1984). Therefore, the judgment is reversed.

*Reversed and remanded.*