## John H. Walker & Linda Walker v. Town of Newfane

[499 A.2d 777]

No. 83-361

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed August 9, 1985

*French & Zwicker, P.C.*, Brattleboro, for Plaintiffs-Appellants.

*Kristensen, Cummings, Murtha & Stewart, P.C.*, Brattleboro, for Defendant-Appellee.

**Allen, C.J.** This is an appeal from a decision of the Windham Superior Court, denying the plaintiffs' complaint for injunctive relief against the Town of Newfane and the public at large, in regard to the use of a road across the plaintiffs' property, leading to a river and pond.

The plaintiffs' property, and adjoining property, were originally acquired by John Williams, between 1895 and 1926. The entire parcel was conveyed in 1943 by Mr. and Mrs. Williams to M. H. Fitzmorris. That deed contained the following reservation:

> [B]ut reserving from this conveyance the dam and water power rights formerly pertaining to said mill and a right of access thereto across premises herein conveyed for the grantors, their heirs and assigns and the public generally. . . .

In 1966, Mr. Fitzmorris conveyed a portion of the property to the plaintiffs' predecessors-in-interest, Walter and Jeanette Zuk. The deed contained what is basically the same reservation as quoted above. In 1968, Mr. Fitzmorris conveyed the remainder of the property to Joseph and Dorothy Druke. That deed also contained the same basic reservation.

In 1971, the South Newfane-Williamsville Volunteer Fire Department brought suit against the Drukes and the Zuks in connection with the fire department's crossing of their land for the purpose of drawing water from the millpond. A judgment was entered in that case in accordance with a stipulation of the parties. The order provided a right-of-way to the fire department to pass over a strip of land along the Druke-Zuk boundary line, although primarily on the Druke property, for certain limited purposes.

In 1973, the Drukes filed suit against the Town of Newfane and others, seeking a clarification of the right of the general public to use the right-of-way for access to the river. Although the Zuks were named as parties, they were never served, and the parties in this case agree that the Zuks were not parties to that suit. Shortly after the Drukes filed suit, the Zuks sold their property to the plaintiffs. The plaintiffs were aware of the pendency of the Drukes' suit but were never made parties. The deed from the Zuks to the plaintiffs contained basically the same reservation as quoted above, reserving a right of access to the public generally.

The *Druke* case was submitted to the court upon facts stipulated to by the parties. Among the stipulated facts were that Mr.

Williams permitted the general public to use the right-of-way for recreational purposes; that firetrucks had used the right-of-way since the mid-1950s or early 1960s; that the route had been used as a fire lane since 1949; and that since the early 1960s the Town had cleared snow from the route. The trial court held, in February, 1978, that this permissive use resulted in a dedication, recognized in the deed reservations, of the right-of-way for the use of the general public for recreational purposes. That decision was appealed to this Court, which affirmed the finding of a dedication by Williams, binding upon the Drukes. *Druke* v. *Town of Newfane*, 137 Vt. 571, 409 A.2d 994 (1979).

The present action was instituted by the plaintiffs in 1981. It sought an injunction against the Town of Newfane and the public at large from recreational use of the right-of-way, and from making improvements or enlargements upon the right-of-way. In a pretrial memorandum, the plaintiffs claimed that "newly discovered evidence" would establish that some of the stipulated facts in the *Druke* case were untrue. Specifically, they challenged the findings in that case that the route had been used since 1912 to reach the river; that the Town had used the route to obtain gravel from the river; that the Town had kept the route in repair; that firetrucks had used the route from the mid-1950s or early 1960s; that the route had been used as a fire lane since 1949; and that the Town had removed snow from the route during the 1960s.

The defendants filed a motion to dismiss on the grounds that the *Druke* case collaterally estopped the plaintiffs. This motion was denied without a written order on May 12, 1981. On July 23, 1981, a hearing was held on the plaintiffs' request for a preliminary injunction. Testimony at the hearing concerned the current use and condition of the property, but not the circumstances underlying the previous finding of a dedication. The court denied a preliminary injunction on July 27, 1981, without an accompanying opinion.

On May 11, 1983, a hearing was held on the issuance of a permanent injunction. Again, none of the evidence presented at the hearing concerned the factual basis underlying the previous finding of a dedication. On June 10, 1983, the court issued its findings of fact and conclusions of law. In the findings of fact the court stated that "at the request of the defendant" it took judicial notice of the record in the *Druke* case. It stated that in *Druke* it was found that the right-of-way in question had been dedicated to

public use by John Williams, and that the town had accepted the route as a public road. Accordingly, the court denied the plaintiffs any relief.

The plaintiffs assert upon appeal that the trial court erred in taking judicial notice of the record in *Druke* in a manner tantamount to applying the doctrine of res judicata, because the prerequisites of res judicata are not present. In essence, the plaintiffs claim that they were precluded from challenging the existence of a right in the general public to cross their land to reach the river. The plaintiffs claim that they "sought to present different or additional evidence and facts not presented in the *Druke* proceedings in order to demonstrate that, contrary to *Druke*, the Town of Newfane had not actually engaged in improvements to the access which the lower court and Supreme Court found to have resulted in acceptance of a dedicated public right-of-way."

The transcripts of the two hearings in this case do not bear out that claim. The plaintiffs never sought to introduce evidence that the facts relied upon in finding a dedication in *Druke* were untrue. Nor did the plaintiffs mention any such contrary evidence in its proposed findings of fact and conclusions of law. No evidence concerning a dedication of the right of way was introduced by either party, although the defendants made frequent reference to such a finding in the *Druke* case.

The absence of an offer of evidence, however, does not preclude the plaintiffs from challenging the court's findings. The defendants bore the burden of establishing a right to cross the plaintiffs' land by way of defense to the plaintiffs' action. See *Fuller* v. *Watkins*, 117 Vt. 257, 262, 90 A.2d 444, 447 (1952) (burden of defendant to establish prescriptive right), citing *Barber* v. *Bailey*, 86 Vt. 219, 223, 84 A. 608, 609 (1912). Without any testimony on the issue of dedication, the court's findings will be supportable only if the *Druke* opinion is binding by virtue of collateral estoppel or res judicata, or if judicial notice was properly taken of the proceedings in that case.

■ Neither res judicata, barring relitigation of a cause of action finally adjudicated between the parties in an earlier suit, *Alpstetten Association, Inc.* v. *Kelly*, 137 Vt. 508, 513, 408 A.2d 644, 647 (1979), nor collateral estoppel, barring relitigation of issues earlier decided, *id.*, properly applies here. The plaintiffs were not parties to the *Druke* litigation, nor were their predecessors-in-interest. Therefore, the findings in *Druke* concerning the facts

giving rise to the dedication are not binding here. *In re Estate of Leno,* 139 Vt. 554, 557, 433 A.2d 260, 262 (1981); *Davis* v. *Saab Scania of America, Inc.,* 133 Vt. 317, 320, 339 A.2d 456, 458 (1975).

The defendants contend that the trial court properly took judicial notice of the proceedings in the *Druke* case, and that the evidence adduced there supports the judgment here. However, proceedings in another case may not be taken notice of by the court without affording both parties an "opportunity to meet and explain" matters considered in the prior proceeding. *Condosta* v. *Condosta,* 139 Vt. 545, 547, 431 A.2d 494, 495 (1981). The plaintiffs here were not given that opportunity. Accordingly, the trial court's judgment must be reversed and the matter remanded.

*Judgment is reversed and the cause remanded.*