*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-291

JULY TERM, 2011

| | | |
|---|---|---|
| Gordon E. Campbell, Jr. | } | APPEALED FROM: |
| | } | |
| v. | } | Superior Court, Windsor Unit, |
| | } | Civil Division |
| | } | |
| Ellen McWard, Brian Kearns, | } | DOCKET NO. 63-1-09 Wrcv |
| Lynn Roberto and Andrew A. Pallito | } | |

Trial Judge: Harold E. Eaton, Jr.

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals pro se from the trial court's order granting summary judgment to defendants on his civil rights complaint. We affirm.

Plaintiff is an inmate in the custody and control of the Vermont Department of Corrections (DOC). He filed a civil rights complaint against defendants in January 2009 after he was assaulted by another inmate. According to plaintiff, he warned defendants that this inmate had threatened him before, and defendants failed to keep plaintiff safe from harm. Defendants moved for summary judgment in March 2010. Plaintiff did not oppose the motion in the manner required by Vermont Rule of Civil Procedure 56(c).

In a July 2010 decision, the court granted summary judgment to defendants, relying on defendants' unchallenged statement of material facts. The court found as follows. Plaintiff was housed in a unit dedicated to sex offenders, and he would refer to other sex offenders in his unit in derogatory terms. This behavior created tense relationships with other inmates. Defendants Lynn Roberto, DOC Unit Supervisor, and Brian Kearns, plaintiff's DOC Case Worker, had previously discussed this problematic behavior with plaintiff. While plaintiff indicated that he felt unsafe in his unit, he did not report any specific threat and had only vague feelings that other inmates were out to get him. In late December 2007, plaintiff called an inmate a derogatory name—a particular term that he had been warned against using around other inmates. The inmate rushed toward plaintiff to confront him. Warned by a corrections officer to stay away from plaintiff, the inmate nevertheless challenged plaintiff to repeat what he said. When plaintiff did not respond, the inmate punched plaintiff in the face, injuring him. According to the corrections officer, the whole exchange lasted approximately five seconds.

In their motion for summary judgment, defendants averred that they had no knowledge that plaintiff might be assaulted by the inmate, nor had plaintiff warned them of this possibility. Additionally, they stated that plaintiff never complained about the prison's security procedures prior to his assault. Defendants maintained that plaintiff failed to pursue and exhaust his administrative remedies as a precondition to suit. The court noted that plaintiff submitted a handwritten unnotarized letter to the court in response to the State's motion. In the letter, plaintiff indicated that he had a copy of a letter that he wrote to the former DOC Commissioner complaining about events at the facility. He

stated that he would be sending the court copies of the paperwork that he possessed; he did not assert that the DOC was preventing him from accessing his own legal materials. Plaintiff also stated that he did not file a grievance because he was threatened with retaliation by DOC staff.

The court found that plaintiff provided no documentary evidence to support either assertion. He provided no copy of the alleged letter to the court as evidence, nor did he file any admissible evidence, such as a personal affidavit, to substantiate his claim that he was threatened when he asked to file a grievance. Without any admissible evidence to controvert defendants' affidavit that no grievance was filed, or at least to explain plaintiff's noncompliance with the grievance procedure, the court found no factual dispute precluding summary judgment.

Based on these facts, the court concluded that defendants were entitled to summary judgment because plaintiff failed to exhaust his administrative remedies and he failed to show that defendants breached a duty that they owed to him. As the court explained, plaintiff was required by law to exhaust his administrative remedies prior to filing a claim under 42 U.S.C. § 1983. See id. § 1997e(a). Defendants submitted an affidavit from the DOC's grievance coordinator that no grievance had been filed. Plaintiff provided no evidence to rebut this affidavit, nor did he even allege that he exhausted available administrative remedies. Given this, the court found that plaintiff's suit was barred by § 1997e(a). Even if plaintiff had exhausted his administrative remedies, the court continued, or had a valid excuse for failing to do so, defendants would still be entitled to summary judgment because plaintiff failed to show that defendants breached a duty owed to him. The court thus granted judgment to defendants, and plaintiff appealed.

We review a grant of summary judgment using the same standard as the trial court. Richart v. Jackson, 171 Vt. 94, 97 (2000). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by Rule 56(c)(2), show that there is no genuine issue as to an material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). Material facts set forth in moving party's statement of undisputed facts are deemed admitted unless controverted by nonmoving party's statement of undisputed facts. V.R.C.P. 56(c)(2); see also Richart, 171 Vt. at 97 (same). "Summary judgment is mandated . . . where, after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an element essential to his case and on which he has the burden of proof at trial." Poplaski v. Lamphere, 152 Vt. 251, 254-55 (1989) (quotation omitted). For the reasons set forth above, summary judgment was properly granted to defendants here.

Plaintiff offers no compelling reason to support a contrary conclusion—he simply presents his version of the facts. He asserts, for example, that he warned DOC many times that he was in danger of being assaulted. As the trial court found, however, he did not provide a sworn statement or any other evidence to support this assertion. He similarly did not provide any evidence to controvert DOC's assertion that plaintiff failed to file a grievance. While plaintiff states that he responded to defendants' summary judgment motion, the record indicates that he filed an unnotarized letter with the court, and this document failed to satisfy the requirements of V.R.C.P. 56. It is well established that "[o]nce a claim is challenged by motion for summary judgment, accompanied by an affidavit or affidavits or other documentary evidence sufficient to call into question the existence of the factual basis for the claim, the person advancing the claim may not rest upon his mere allegations, but must come forward with an opposing affidavit or other evidence that raises a dispute as to the fact or facts in issue." Alpstetten Ass'n, Inc. v. Kelly, 137 Vt. 508, 514 (1979). Plaintiff failed to meet his burden here.

We are not persuaded to a contrary conclusion by plaintiff's assertion that DOC staff took his legal work in an attempt to stop him from working on this case. Plaintiff does not identify any specific materials taken, claiming only that if he had the chance to send these materials to the trial court, the court would have reached a different result. The record shows that plaintiff filed a letter to the trial court on June 3, 2010, stating that DOC had taken his legal work, but this letter was sent two months after both the State's motion for summary judgment and plaintiff's handwritten response to the motion. Plaintiff's vague assertion about missing materials does not show that the court erred in granting summary judgment. As referenced above, plaintiff informed the court in April 2010 that he would be sending additional materials to support his claim. He offers no reason why he did not do so for two months, or why he could not have filed a personal affidavit, for example, to support his version of the facts as part of his initial response to the State's motion. Moreover, we note that the record indicates that as part of discovery, the court specifically allowed plaintiff to request copies of any record he felt showed prior knowledge of dangerous condition by DOC. Plaintiff had ample time to secure relevant materials and file them with the court. We find no basis to disturb the trial court's decision.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

3