*Radioactive, LLC v. The Album Station, LLC, et al.*, No. 97-4-15 Ancv (Hoar, J., March 29, 2017).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Addison Unit | CIVIL DIVISION<br>Docket No. 97-4-15 Ancv |

| | |
|---|---|
| Radioactive, LLC,<br>　　　Plaintiff<br><br>　　　v.<br><br>The Album Station, LLC,<br>Russell Kinsley,<br>Diane Desmond,<br>　　　Defendants | |

### <u>DECISION ON MOTION FOR SUMMARY JUDGMENT</u>

This matter comes before the court on Plaintiff's Motion for Summary Judgment. Previously, the court granted summary judgment to Plaintiff on its claims for amounts due for licensing fees from BMI. It declined, however to grant summary judgment for amounts claimed to be due for licensing fees from SESAC; on these claims the court concluded that there were genuine issues of material fact on Defendant The Album Station, LLC's assertion that a "substituted contract" precluded collection of such fees.

Subsequently, Plaintiff amended its complaint to pierce the LLC's corporate veil and recover against the LLC's principals, Defendants Kinsley and Desmond. While Plaintiff filed no motion in this regard, the parties and the court have since proceeded as if leave to amend had been sought and granted. The court therefore now grants leave to amend, *nunc pro tunc*. In response to the amended complaint, all Defendants asserted a counterclaim, to which Plaintiff duly responded.

Plaintiff now seeks summary judgment on all remaining claims in the case. Its motion is properly supported, in all respects, by a statement of undisputed material facts and underlying papers amply establishing the facts asserted therein. The court extended to Defendants more than generous opportunity to respond; they failed to do so. The court therefore deems all factual matters set forth in Plaintiff's motion papers to be undisputed. V.R.C.P. 56(e).

On these facts, Plaintiff is entitled to summary judgment on all claims. Plaintiff has amply established its entitlement to reimbursement for the SESAC licensing fees. Conversely,

Defendants have failed to adduce any evidence to carry their burden of persuading the trier of fact that any "substituted contract" exists—much less one that would relieve them of the obligation to pay the SESAC licensing fees. *See Poplaski v. Lamphere*, 152 Vt. 251, 254-55 (1989) ("Summary judgment is mandated under the plain language of V.R.C.P. 56(c) where, after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an element essential to his case and on which he has the burden of proof at trial." (citation and internal quotation marks omitted)).

Plaintiff has also amply established that The Album Station, LLC never properly existed as an entity separate and distinct from its principals. The undisputed facts make clear that after setting up the LLC, Mr. Kinsley and Ms. Desmond virtually disregarded any corporate formalities, that the LLC was perpetually undercapitalized, that it owned no assets, and that its funds and financial dealings were consistently commingled with those of Mr. Kinsley and Ms. Desmond—in short, that far from being a distinct legal entity, it was its principals' alter ego, at best a DBA. Under these circumstances, the conclusion is inescapable that Mr. Kinsley and Ms. Desmond formed the LLC, and held themselves out as operating under its aegis, solely to avoid personal liability for what proved to be, ultimately, personal undertakings. While their intent in this regard may not have been fraudulent, the facts nevertheless support the further conclusion that the interests of fairness, equity, and public need compel the piercing of the corporate veil, such that Mr. Kinsley and Ms. Desmond are jointly and severally liable, with the LLC, for its obligations. *See Agway, Inc. v. Brooks*, 173 Vt. 259, 262-63 (2001).

Finally, to the extent that Defendants' counterclaim even states a claim—a highly tenuous proposition—Plaintiffs' motion papers amply establish the absence of evidence to support the claim. Here again, Defendants may not "rest on allegations in the pleadings," *Gore v. Green Mountain Lakes, Inc.*, 140 Vt. 262, 266 (1981); rather, having been fairly challenged by a properly supported motion, they "must come forward with an opposing affidavit or other evidence that raises a dispute as to the fact or facts in issue." *Alpstetten Ass'n v. Kelly*, 137 Vt. 508, 514 (1979). Having failed to do so, they cannot complain when their counterclaim is dismissed.

## ORDER

Plaintiff's Motion for Summary Judgment is **granted**. Plaintiff is entitled to judgment, jointly and severally against all Defendants, for both BMI and SESAC licensing fees, plus costs and prejudgment interest at the statutory rate. Defendants' counterclaim is **dismissed, with**

**prejudice**. Plaintiff is ordered to prepare a form of judgment for the court's approval and signature, and the clerk's subsequent entry.

Electronically signed on March 29, 2017 at 11:47 AM pursuant to V.R.E.F. 7(d).


_____
Samuel Hoar, Jr.
Superior Court Judge