Filed 11/13/25

VERMONT SUPERIOR COURT

Orange Unit
5 Court Street
Chelsea VT 05038
802-685-4610
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-02069

| Craig Wich v. Laura Corcoran |
|---|

## ENTRY REGARDING MOTION

Title: Motion to Amend; Motion to Amend Judgment /Alter Judgment; , Partial (Motion: 5; 6)
Filer: Thomas C. Nuovo; Stephen J. Craddock
Filed Date: October 22, 2025; October 22, 2025

The motion is GRANTED IN PART and DENIED IN PART.

The Court **Grants** the uncontested portions of the Parties' post-judgment motions to modify the judgment to remove any obligation to address or pay the McGee lien. As both parties represent, this lien is no longer valid and is no longer binding on either parties or the transfer of the property. For these reasons, the portion of the judgment addressing the McGee lien are **Withdrawn** and of no further effect.

Defendant also seeks reconsideration of the portions of the Court's September 26th decision that ruled the parties partition could go forward but imposed a statute of limitations on Defendant's contribution claims. Defendant's arguments are largely a repetition of her earlier arguments and persist in blending the impact of the parties' 2007 divorce with their on-going co-ownership and occupancy of the property.

The parties' 2007 Florida divorce had two impacts on the current matter, one minor and one major. As Defendant notes in her motion, the Florida Court did not partition the real estate in 2007 and professed a lack of jurisdiction, but as this Court noted, such an analysis is at best true regarding the property, but it was not true on the parties who could have litigated the partition pursuant to the Florida divorce order in Vermont in 2007 or any time thereafter. *Poston v. Poston*, 160 Vt. 1, 5–6 (1993). At that time, the parties could have sought to domesticate the Florida judgment and could have used the provisions of that Order to control the partition action. 27C C.J.S. Divorce § 1287

(2025 update). This is because the Florida court had personal jurisdiction over the parties and had sought to allocate the possessions and property of the parties.

As the record indicates, the parties did not pursue this route. Therefore, the major effect of the 2007 divorce was to convert the parties' ownership from a tenancy by the entirety as husband and wife into a tenancy in common. *Preston v. Chabot*, 138 Vt. 170, 175 (1980). While the Court used the ownership percentages given by the Florida court in its 2007 Order, this was only because Plaintiff did not contest these percentages, which slightly favored Defendant, and which were close to the 50/50 share that would have applied under the common law. *Whippie v. O'Connor*, 2010 VT 32, ¶ 14 ("Unless there is documentation to the contrary, it is presumed that tenants in common hold equal shares in the title.") (citing 7 R. Powell, Powell on Real Property § 50.02[5], at 50–11 & n. 21 (M. Wolf ed. 2008)).

Since the parties did not seek to domesticate or enforce the 2007 Florida Court order, they effectively held the property for 16 years as co-tenants. Only in 2023 did Plaintiff file a new action to partition the property. This action was not limited by the statute of limitations because it was new action designed to end their existing co-tenancy and co-ownership of the property. It would run contrary to the intent of the partition statutes to require a party to partition a parcel upon a change in ownership status, such as a divorce, or lose said right in the future. See *Wilk v. Wilk*, 173 Vt. 343, 345–46 (2002) (noting the remedial nature of partition statutes).

As part of their partition claims, the parties each sought credit against any partition judgment by filing claims related to amounts they believed were due and owning from the other. Plaintiff filed a claim of ouster, and Defendant filed a claim for contribution. Notwithstanding the posture of the case, a claim for ouster and a claim for contributions are independent of the partition statute. See, e.g., *Scott v. Leonard*, 119 Vt. 86, 102–03 (1956) (applying the claim of ouster outside of the realm of partition); *Duplesse v. Haskell*, 89 Vt. 166, 170–71 (1915). As civil claims for damages, the ouster and contribution claims are subject to 12 V.S.A. § 511 and its six-year statute of limitations.

This is both consistent with the purposes of partition, which is primarily focused on the division of property ownership, and the principles behind the statute of limitations. In this case, the record indicates that bother parties were on notice about the other's behavior prior to the 2007 divorce. Plaintiff claimed that he did not visit the property as he did not feel welcome, and Defendant was aware that Plaintiff was not contributing to the upkeep of the property. Despite this

knowledge, the parties elected not to bring either a contribution or ouster claim until the present partition action was instituted. As such, section 511 prevents either side from reaching back beyond the six-year window on these claims. *Gettis v. Green Mountain Economic Development Corp.*, 2005 VT 117, ¶ 22 ("Generally, the statute of limitations begins to run at the point when a plaintiff has a cause of action.").

In this case, the Court did not conduct the same analysis for Plaintiff's ouster claim as it did for Defendant's contribution claims because the Court found that the facts were insufficient to establish ouster, which obviated the need to determine whether any portion of the claim survived the statute of limitations. Given that Defendant did provide sufficient evidence to establish her contribution claim, the Court was then obligated to conduct its statute of limitations analysis.

Nothing in Defendant's most recent motion alters either this analysis or the Court's conclusion that Defendant's contribution claims are limited by the six-year window for claims under 12 V.S.A. § 511.

## ORDER

Based on the foregoing, the parties' joint request to modify the judgment to remove any obligation to discharge or pay off the McGee lien is **Granted**, and that language is withdrawn and of no further effect.

The remainder of Defendant's motion is **Denied**, and the remainder of the Court's September 26, 2025 Judgment and Order remains in effect.

Electronically signed on 11/12/2025 4:53 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge