VERMONT SUPERIOR COURT
Franklin Unit
17 Church Street
St. Albans VT 05478
802-524-7993
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 21-CV-00594

---

Kristina Polak, et al v. Felipe Ramirez-Diaz, et al

---

### DECISION ON MOTION FOR SUMMARY JUDGMENT

Plaintiffs Kristina and Stephen Polak filed this action against their neighbors, Defendants Felipe Ramirez-Diaz and Yesica Sanchez de Ramirez. Their Amended Complaint asserted four counts: two for defamation, one for intentional infliction of emotional distress, and one for malicious prosecution. On Defendants' Special Motion to Strike, the court dismissed all counts, except those parts of the second defamation count that asserted that "Defendants allegedly make false allegations that Plaintiffs are racists and treated defendants in a racially discriminatory manner." *Polak v. Ramirez-Diaz*, no. 21-CV-594, Decision on Defendants' Special Motion to Strike, 9 (Aug. 17, 2021). Defendants now move for summary judgment on that claim. The court grants the motion.

Under Rule 56, the initial burden falls on the moving party to show an absence of dispute of material fact. *E.g.*, *Couture v. Trainer*, 2017 VT 73, ¶ 9, 205 Vt. 319 (citing V.R.C.P. 56(a)). When the moving party has made that showing, the burden shifts to the non-moving party; that party may not rest on mere allegations, but must come forward with evidence that raises a dispute as to the facts in issue. *E.g.*, *Clayton v. Unsworth*, 2010 VT 84, ¶ 16, 188 Vt. 432 (citing *Gore v. Green Mountain Lakes, Inc.*, 140 Vt. 262, 266 (1981) and *Alpstetten Ass'n, Inc. v. Kelly*, 137 Vt. 508, 514 (1979)). Where that party bears the burden of proof on an issue, if fairly challenged by the motion papers, it must come forward with evidence sufficient to meet its burden of proof on that issue. *E.g.*, *Burgess v. Lamoille Housing P'Ship*, 2016 VT 31, ¶ 17, 201 Vt. 450 (citing *Poplaski v. Lamphere*, 152 Vt. 251, 254–55 (1989)). The evidence, on either side, must be admissible. *See* V.R.C.P. 56(c)(6); *Gross v. Turner*, 2018 VT 80, ¶ 8, 208 Vt. 112 ("Once a claim is challenged by a properly supported motion for summary judgment, the nonmoving party . . . must come forward with admissible evidence to raise a dispute regarding the facts."). The court must give the non-moving party the benefit of all reasonable doubts and inferences. *Carr v. Peerless Ins. Co.*, 168 Vt. 465, 476 (1998). Thus, "[i]n determining the existence of genuine issues of material fact, courts must accept as true the allegations made in opposition to the motion for

summary judgment, so long as they are supported by affidavits or other evidentiary material." *Gates v. Mack Molding Co.*, 2022 VT 24, ¶ 13, 216 Vt. 379 (internal quotation marks omitted) (citing *Robertson v. Mylan Lab'ys*, Inc., 2004 VT 15, ¶ 15, 176 Vt. 356).

Ordinarily, the standards above are so familiar as not to bear repeating. Here, however, Plaintiffs' failure to attend to their burden suggests the wisdom of restating the obvious. Faced with a motion and statement of undisputed material facts that fairly challenged them to come forth with admissible evidence to meet their burden of proof, Plaintiffs whiffed. This failure was both procedural and substantive.

Procedurally, Plaintiffs ignored the requirements of Rule 56(c)(2):

> A nonmoving party responding to a statement of undisputed material facts and asserting that a fact is genuinely disputed, that the materials cited do not establish the absence of a genuine dispute, or that the moving party cannot produce admissible evidence to support the fact, must file a paragraph-by-paragraph response, with specific citations to particular parts of materials in the record that the responding party asserts demonstrate a dispute, including depositions, documents, electronically stored information, affidavits, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other admissible materials. The responding party must reproduce each numbered paragraph of the moving party's statement before including the response thereto.

Plaintiffs neither reproduced each numbered paragraph of Defendants' statement before their responses nor provided specific citations to particular parts of materials in the record that they asserted demonstrate a genuine dispute. The court declines to do Plaintiffs' homework for them. *Cf. U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). Instead, the court considers all facts asserted in Defendants' Statement of Undisputed Material Facts to be undisputed for purposes of the motion. *See* V.R.C.P. 56(e)(2).

Substantively, Plaintiffs' opposition fails almost completely to address the merits of Defendants' motion. In their motion, Defendants asserted:

> There are many reasons to dismiss this case; the Plaintiffs have failed in discovery to prosecute their case in any meaningful regard; they face a discovery sanction so broad it is inconceivable any evidence can now be presented at trial in support of their claims; they cannot show that the Defendants said or did anything not covered by their right to accurately describe their own communications to the government; and they cannot show any damages resulting from anything that the Defendants said or did.

Defendants' Motion for Summary Judgment, 1-2. In their response, Plaintiffs addressed only the second of these arguments. They made no effort whatsoever to show that they have evidence to prove

either that Defendants made non-privileged defamatory statements or that they suffered any damages as a result of such statements.

At least on this point, Defendants' motion stands unchallenged. Their motion papers amply challenged Plaintiffs to show that they have admissible evidence of non-privileged defamatory statements. In their opposition memorandum, Plaintiffs devoted not a single word to any evidence they may have; instead, they rested their opposition exclusively on an attempt to persuade the court to revisit the discovery sanction referenced in Defendants' motion. And in their response to the statement of undisputed material facts, they did not advert to a single piece of admissible evidence. Equally, Defendants fairly challenged Plaintiffs to show that they have evidence of compensable damages; equally, Plaintiffs failed entirely to answer this challenge. This failure entitles Defendants to summary judgment. *See* V.R.C.P. 56(e)(3) (if party fails properly to address assertions of fact, court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it").

As Defendants note in their motion, there is another path to the same conclusion. After a history of paying at best faint lip service to their discovery obligations, Plaintiffs found themselves facing a motion to compel, to which they showed neither Defendants nor the court the courtesy of a response. When the court ordered complete responses, without objections, by a date certain and threatened sanctions "[i]f Plaintiffs fail in any respect to comply with this order," Plaintiffs waited until the eleventh hour to request a 30-day extension—this for discovery responses that were now five months overdue. The court, in response, allowed this extension, but made clear, "The court will allow no further extensions." Nevertheless, the extended date came and went, with no discovery responses. Then faced with a motion for sanctions, Plaintiffs asked for "one additional indulgence." Their request, however, failed even to show good cause, much less the excusable neglect required by V.R.C.P. 6(b)(1)(B). The court was left with no credible option short of sanctions.

Notably, and contrary to Plaintiffs' assertion, the court did not then impose the sanction of dismissal. The court notes now that the history of Plaintiff's failure to meet their discovery obligations would amply support the finding of "gross indifference, bad faith, or willfulness, coupled with substantial prejudice to the moving party" sufficient to support that sanction. *John v. Med. Ctr. Hosp. of Vt.*, 136 Vt. 517, 519 (1978). That conclusion is buttressed by the observation that when Plaintiffs finally did provide discovery responses, they were littered with objections—which the reader will recall the court had earlier deemed waived—and answers in places so vague and imprecise as to be meaningless.

In contrast, Defendants' requests were detailed and comprehensive. They fairly called on Plaintiffs to disclose evidence to support each element of their claims. Thus, the sanction that the court did impose—preclusion of any evidence that should fairly have been disclosed in response—results in the conclusion that Plaintiffs now have no evidence to meet their burden of proof.

Even were the court to modify its original sanction to preclude any evidence that was not properly disclosed by Plaintiff's way-too-late responses, the result would be the same. Plaintiffs' responses properly disclose no evidence sufficient to meet their burden of proof, particularly on damages. Here, it bears observing that in granting the Special Motion to Strike, this court held that the only substantive factual allegations that remained in the case were those made in paragraphs 39-41 of the Amended Complaint:

> 39. After losing court cases against Plaintiffs, Defendants began a new course of harassment against Plaintiffs by accusing Plaintiffs of being racists, acting against Defendants in a racially discriminatory manner, and of making racist and discriminatory comments to and about Defendants concerning their Mexican origin and immigration status.
>
> 40. Defendants repeated their above false claims, including that Plaintiffs threatened Defendants with harm, Plaintiffs made discriminatory and racist comments to and about Defendants, that Mr. Polak pushed Ms. Sanchez and that Mrs. Polak pointed her gun at Defendants, to several of the Polaks neighbors and to members of Plaintiffs community.
>
> 41. Plaintiffs have been forced to defend themselves to their neighbors and members of their community and to spend tens of thousand of dollars in legal fees defending themselves against Defendants' barrage of false accusations.

*Polak v. Ramirez-Diaz*, no. 21-CV-594, Decision on Defendants' Special Motion to Strike, 5 n.2. The court further whittled down the allegations of paragraph 40, concluding that "the alleged statements Defendants made to neighbors and community members about the allegedly false allegations accusing Mr. Polak of pushing Ms. Sanchez and Ms. Polak of threatening the Defendants with a gun are in fact protected by the anti-SLAPP statute." *Id.* at 5–6; *see also id.* at 8–9 (striking claims related to this conduct).

To prove a claim for slander, a claimant must show:

> (1) a false and defamatory statement concerning another; (2) some negligence, or greater fault, in publishing the statement; (3) publication to at least one third person; (4) lack of privilege in the publication; (5) special damages, unless actionable per se; and (6) some actual harm so as to warrant compensatory damages.

*Lent v. Huntoon*, 143 Vt. 539, 546—47 (1983). Moreover, "defamatory statements must be described with some specificity to be actionable." *Norris v. Vermont Hemp Partners, LLC*, 2022 WL 12611703, (Vt. Sup. Ct., Aug. 24, 2022) (Richardson, J.) (citing *Sweet v. Roy*, 173 Vt. 418, 448 (2002)). They also must be capable of being proven true or false. *See Hoyt v. Klar*, 2021 WL 841059 (Vt. 2021) (Entry Order). Here, Plaintiffs' discovery responses fall well short of providing the required specificity; they are imprecise as to content, context, time, and place. This frustrates the inquiry suggested by *Hoyt* and the cases on which it relies. *See Mr. Chow of New York v. Ste. Jour Azur S.A.*, 759 F.2d 219, 223 (2d Cir. 1985) ("[W]e have held that generally one cannot be liable simply for expressing an opinion."); *see also Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339-40 (1974) ("Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas."). Thus, if Plaintiffs are precluded from offering evidence not fairly disclosed by their discovery responses, they have insufficient evidence to meet their burden on the first three elements of the *Lent* standard.

The failure of proof on the last two elements is even more glaring. With the allegations of paragraph 40 of the Amended Complaint narrowed by the court's earlier ruling, there is no claim here of slander per se. *See Lent*, 143 Vt. at 546 (discussing categories of statements that may be considered slanderous per se). [1] Thus, Plaintiffs must prove special damages—"that is, pecuniary loss suffered as a result of the defamation." *Ryan v. Herald Ass'n, Inc.*, 152 Vt. 275, 281 (1989). Their discovery responses, however, disclose no compensable pecuniary loss. Rather, notwithstanding the court's earlier direction that they provide answers without objection, Plaintiffs refused to answer questions concerning their income before and after Defendants made their allegedly defamatory statements. *See* Plaintiffs' Answers to Defendant's First Set of Interrogatories and Requests for Production, ¶¶ 23–24. They were unable to identify any lost business or clients. *See id.*, ¶¶ 25–27.[2] The only pecuniary losses they did identify were "tens of thousands of dollars in attorney's fees." *Id.*, ¶ 23. These, of course, are not compensable. *See DJ Painting, Inc. v. Baraw Enters., Inc.*, 172 Vt. 239, 246 (2001). Moreover, even if attorney's fees were compensable, the failure to state their claimed fees in itemized form precludes any effort to parse out any fees that may have been incurred in response to any actionable

---

[1] Arguably, the vague assertion that Defendants falsely claimed "that Plaintiffs threatened Defendants with harm" might suggest imputation of a crime, and so, a claim of slander per se—depending on the specific threat alleged and the context in which it was made. *See id.* Plaintiffs' discovery responses, however, completely abandon this assertion. Asked to "state in as much detail as possible the defamatory statements," Plaintiffs limited themselves to "Defendants frequently describe us as racists." Answers to Defendant's First Set of Interrogatories and Requests for Production, ¶ 11.

[2] This failure forecloses any argument that the allegedly defamatory statements were "injurious to [their] trade, business, or occupation," and so slander per se. *See Lent*, 143 Vt. at 546.

Decision on Motion for Summary Judgment
21-CV-00594 Kristina Polak, et al v. Felipe Ramirez-Diaz, et al
Page 5 of 6

defamation from those incurred in response to the various statements made in the course of activity protected by the anti-SLAPP statute. In short, there is a complete failure of proof on special damages.

Equally, Plaintiffs' discovery responses disclose insufficient evidence to meet their burden of proving actual harm. Rather, their answers are so vague and conclusory as to be virtually meaningless. For example, in response to an interrogatory that asked, "Describe how you experienced personal humiliation, injury and embarrassment, and emotional distress and mental anguish because of the alleged statements," Plaintiffs answered, "As a result of this false accusation we have suffered anxiety, shame and embarrassment, and emotional distress."

Of course, discovery responses are not admissible evidence. Thus, even if Plaintiffs' discovery responses did fairly disclose evidence, that would not satisfy Plaintiffs' burden, on this motion, of actually producing that evidence. In this respect, Plaintiffs have completely failed—not because of any discovery sanction the court imposed, but because of their failure to attend to their obligations under Rule 56(c)(2). That failure is fatal. Defendants' motion papers more than sufficiently challenged Plaintiffs to place their cards on the table. In response, Plaintiffs kept their cards close to their chests. Accordingly, Defendants are entitled to summary judgment on claims that remain after the court's earlier decision on the Special Motion to Strike.

## ORDER

The court grants the motion. The clerk will enter judgment for Defendants on all claims in this case. The separate form of judgment required by V.R.C.P. 58 will issue forthwith. Defendants need not await the issuance of that judgment to submit their bill of costs. Any request for costs shall be made within seven days of this Order or will be deemed waived.

Electronically signed pursuant to V.R.E.F. 9(d): 5/10/2024 12:05 PM

Samuel Hoar, Jr.
Superior Court Judge