Vermont Superior Court
Filed 12/18/24
Chittenden Unit

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 20-CV-00582

Galloway Morris v. Agency of Transportation

## DECISION ON MOTION FOR SUMMARY JUDGMENT

This case has a somewhat unique procedural history. Plaintiff Galloway Morris, along with several other property owners along Route 2 in the village of Richmond, appealed the Agency of Transportation's 2020 survey of that stretch of highway pursuant to 19 V.S.A. § 34. The court consolidated all appeals under this caption and ordered a global mediation. When mediation failed to yield a resolution, the lead Plaintiff, Ms. Johnson, filed a motion for summary judgment and the Agency filed a cross-motion. It appears, however, that Mr. Morris did not receive notice of, and so did not participate in, the summary judgment proceedings.

The court subsequently denied Ms. Johnson's motion and granted the Agency's, affirming the validity of the survey. Mr. Morris filed a timely appeal. On appeal, Mr. Morris challenged the merits of the court's summary judgment decision; he also appeared, in his reply brief, to assert claims that had not been raised in this court. He further asserted that he had not been given notice of the cross-motions or a timely copy of the court's decision and order. Accordingly, the Supreme Court reversed and remanded the decision as to Mr. Morris. The remand was limited, however. The Court made clear that, "To the extent plaintiff Morris argues that the court erred in granting summary judgment to the State based on the 1812 survey and the other evidence generated during its survey, we find that argument without merit." In other words, the remand was limited to determining, in the first instance, whether Mr. Morris had been given notice of the summary judgment motions. If he had, there things would rest; if not, due process would require that he be afforded an opportunity to respond to the Agency's motion.

On remand, this court could not conclude that Mr. Morris had been served with a copy of the Agency's motion. Accordingly, it allowed him the opportunity to respond. When Mr. Morris responded, he disputed only two of the facts underlying the Agency's motion; he also submitted

additional materials that both called into question the conclusion of the Agency's survey and, in his view, supported an estoppel argument. He failed, however, properly to authenticate any of his evidence.

The court's decision is thus driven substantially by application of the standards applicable to a motion for summary judgment. Under Rule 56, the initial burden falls on the moving party to show an absence of dispute of material fact. *E.g.*, *Couture v. Trainer*, 2017 VT 73, ¶ 9, 205 Vt. 319 (citing V.R.C.P. 56(a)). When the moving party has made that showing, the burden shifts to the non-moving party; that party may not rest on mere allegations, but must come forward with evidence that raises a dispute as to the facts in issue. *E.g.*, *Clayton v. Unsworth*, 2010 VT 84, ¶ 16, 188 Vt. 432 (citing *Gore v. Green Mountain Lakes, Inc.*, 140 Vt. 262, 266 (1981) and *Alpstetten Ass'n, Inc. v. Kelly*, 137 Vt. 508, 514 (1979)). Where that party bears the burden of proof on an issue, if fairly challenged by the motion papers, it must come forward with evidence sufficient to meet its burden of proof on that issue. *E.g.*, *Burgess v. Lamoille Housing P'Ship*, 2016 VT 31, ¶ 17, 201 Vt. 450 (citing *Poplaski v. Lamphere*, 152 Vt. 251, 254–55 (1989)). The evidence, on either side, must be admissible. *See* V.R.C.P. 56(c)(1), (2) & (6); *Gross v. Turner*, 2018 VT 80, ¶ 8, 208 Vt. 112 ("Once a claim is challenged by a properly supported motion for summary judgment, the nonmoving party . . . must come forward with admissible evidence to raise a dispute regarding the facts."). The court must give the non-moving party the benefit of all reasonable doubts and inferences. *Carr v. Peerless Ins. Co.*, 168 Vt. 465, 476 (1998). Thus, "[i]n determining the existence of genuine issues of material fact, courts must accept as true the allegations made in opposition to the motion for summary judgment, so long as they are supported by affidavits or other evidentiary material." *Gates v. Mack Molding Co.*, 2022 VT 24, ¶ 13, 216 Vt. 379 (internal quotation marks omitted) (citing *Robertson v. Mylan Lab'ys, Inc.*, 2004 VT 15, ¶ 15, 176 Vt. 356).

Here, Mr. Morris first challenges two assertions in the Agency's Statement of Undisputed Material Facts. The first of these assertions reads, "The 1812 survey states 'the bridge over Onion River . . . to Williston . . . this road was laid four rods wide and surveyed in the center pursuant to an act of the legislature for that purpose. . . .' " State of Vermont's Statement of Undisputed Material Facts, ¶ 12. Mr. Morris objects that this statement is "misleading as incompletely quoting the '1812 survey.' " Opp. to Mot. for Summ. J., 2. He also disputes the validity of the document purporting to reflect that survey. *Id.* The answer to the first objection is that while the Agency's Statement does not quote the survey in full, the omissions are in no way material, as they bear not in the least on the ultimate statement reflecting the width of the road as originally laid out. Lest there be any doubt in this

regard, the court sets forth the complete text of the 1812 survey, with only compass bearings omitted, as established by the Agency's Exhibit 9:

> Beginning at the west line of Bolton which said road intersects said line thence [bearings omitted] to [name indecipherable] [bearings omitted] to head of cove [bearings omitted] to a rock W of Martins [bearings omitted] to the bridge over Onion River [bearings omitted] to Williston this road was laid four rods wide and surveyed in the center pursuant to an act of the Legislature for that purpose Nov 9th 1811.

This document is self-authenticating per V.R.E. 902(2), and so was and is proper support for the Agency's Statement of Undisputed Material Facts.

Mr. Morris's second challenge to paragraph 12 of the Agency's Statement fares no better. He asserts baldly, "[m]y recent research to find the specific act referenced in the copy '1812 survey' substantiated the Vermont Legislature was <u>not</u> in session during November 1811. The 'Acts & Laws passed by the Legislature of the State of Vermont one thousand Eight Hundred and Eleven,' located in the Vermont Historical Library, Barre Vt, substantiated the above. The search did not locate any acts relating to the topic of a four rod right-of-way during several years close to 1811." Not only is this statement not made under oath, and so incompetent; it is rank hearsay, and so not properly before the court. In short, paragraph 12 of the Agency's Statement of Undisputed Facts stands unchallenged, and so the fact is deemed established for purposes of the Agency's motion.

Finally, Mr. Morris challenges paragraph 19 of the Agency's Statement of Undisputed Material Facts. That paragraph reads,

> "The majority of usage along the highway, i.e. structures, utilities, highway ditching, sidewalks appear to coincide with the historic 4 rod (66') right-of-way. Of the survey markers found (83%) were in proximity (+-2') to the 66' historic width while only one was in proximity to a width of 3 rod (49.5')…." Other markers found did not appear to mark a right-of-way.

The Agency properly supported this statement by citation to the Final Survey Report, which was and is properly before the court on this motion. Instead of alluding to admissible evidence that demonstrates a genuine dispute as to this statement, Mr. Morris takes issue with the conclusion it supports, at least with respect to properties on his side of the highway. He asserts,

> [w]hen reviewing the tables of monuments (survey markers which existed prior to AOT's recent survey) on the AOT 'U.S. Route 2 Statutory Survey' dated 6/9/2020, . . . the majority of 'found monuments' which were not part of other projects . . . are on the north side of Rt 2. Monuments on one side of a road can not substantiate the width of a road right-of way.

Opp. to Mot. for Summ. J., 3. Even if Mr. Galloway's reading of the tables is accurate, he does not dispute the basic facts; nor does he explain why "[m]onuments on one side of the road can not

substantiate the width of a road right-of-way." While this conclusion may be self-evident to Mr. Morris, it is not to the court.

In any event, each of Mr. Morris's challenges to the Agency's Statement of Undisputed Facts run afoul of the Supreme Court's clear direction: "To the extent plaintiff Morris argues that the court erred in granting summary judgment to the State based on the 1812 survey and the other evidence generated during its survey, we find that argument without merit." Thus, even had Mr. Morris properly disputed any of the Agency's proferred facts on this question, the Agency would still be entitled to summary judgment.

This then leaves Mr. Morris's estoppel argument. In support of this argument, he submitted a "Separate Statement of Additional Material Facts." That statement, however, failed to comply with V.R.C.P. 56(c)(2)—most importantly in failing to cite "to particular parts of admissible materials in the record." Moreover, even were Mr. Morris's assertions properly before the court, they would not support an estoppel argument.

"The doctrine of estoppel is based upon the grounds of public policy, fair dealing, good faith, and justice, and its purpose is to forbid one to speak against his own act, representations or commitments to the injury of one to whom they were directed and who reasonably relied thereon." *Dutch Hill Inn, Inc. v. Patten*, 131 Vt. 187, 193 (1973). "[T]he four elements of equitable estoppel are: '(1) (t)he party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.' " *My Sister's Place v. City of Burlington*, 139 Vt. 602, 609 (1981) (quoting *Town of Bennington v. Hanson-Walbridge Funeral Home, Inc.*, 139 Vt. 288, 294 (1981)). "[T]he doctrine of estoppel must be applied with great caution when the government is the involved party." *Id.*

Consideration of these principles leads to the conclusion that the Agency cannot be estopped here. As best as can be gleaned from the materials he submitted, Mr. Morris's argument, distilled to its essential premises, is as follows. In 1999, in connection with proposed improvements along Route 2 in Richmond Village—by which governmental entity does not appear—the Agency undertook a Historic Preservation Review of the project. That review noted that as part of the project, Mr. Morris's property would "have its retaining wall moved back approximately 4 feet and reconstructed. In addition, sono tubes will be installed so that the property owner can construct a replica fence that is illustrated in an 1869 image. The new fence will be located outside the right-of-way on private property." The review further noted, "The movement of the retaining wall will reduce the front lawn by about 15%, but the

addition of the green belt and the installation of the replica fence will mitigate this loss." One of the site plan drawings accompanying the review included the notation (by whom does not appear), "HISTORICAL 3 ROD (49.5') R.O.W. PER VTAOT CENTERED ON CONCRETE PAVEMENT."

According to Mr. Morris, this review "confirm[s] the AOT's understanding of the Right of Way boundary location at that time." Separate Statement of Additional Material Facts, 3. The first answer to this assertion is that this evidence is not properly before the court; it has not been authenticated and contains rank hearsay. Moreover, even if the subject drawing does in fact "confirm" AOT's "understanding," there has been no showing that the Agency ever made any representations that were directed towards Mr. Morris or that it should have expected would induce any reliance on his part. Equally, there is no showing that the Agency knew the true facts; indeed, the obvious purpose of the survey at issue here was to discover those facts. And while it appears self-evident that Mr. Morris also was ignorant of the true facts, there is no evidence that he relied to his detriment. Indeed, if anything, he benefited; resetting his retaining wall in a location consistent with a three-rod right of way left him (and, presumably, his neighbors) with eight feet more lawn than might have been the case if the Agency had been aware that the right of way was four rods. Any future detriment—should the Agency seek, for example, to exercise dominion over that portion of the right of way now behind Mr. Galloway's retaining wall—is entirely speculative and so cannot support a finding of detrimental reliance. In short, there is no basis for invoking estoppel here.

## ORDER

The court grants the Agency's motion for summary judgment and affirms the 2020 survey. The State right-of-way for Route 2 where it traverses Mr. Galloway's property (and elsewhere along the roadway laid out in the 1811 survey) is four rods, as shown on the 2020 survey.

Electronically signed pursuant to V.R.E.F. 9(d): 12/17/2024 5:53 PM

_____
Samuel Hoar, Jr.
Superior Court Judge